Yoav M. Griver, Esq.
ZEICHNER ELLMAN & KRAUSE LLP
1211 Avenue of the Americas
New York, New York 10036
Phone: (212) 826-5338
*Attorneys for plaintiff Samtech LLC d/b/a Massif*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAMTECH LLC d/b/a MASSIF<br><br>        Plaintiff,<br><br>       v.<br><br>BROOKLYN ARMED FORCES, LLC and SPORTSMAN'S GUIDE, LLC f/k/a THE SPORTSMAN'S GUIDE, INC.,<br><br>        Defendants | Civil No. _____<br><br>**COMPLAINT** |

Plaintiff Samtech LLC d/b/a Massif, by its attorneys Zeichner Ellman & Krause LLP, as and for its complaint against defendants Brooklyn Armed Forces, LLC and Sportsman's Guide, LLC f/k/a The Sportsman's Guide, Inc., alleges, upon information and belief, as follows:

## NATURE OF THE ACTION

1. This is a civil action for patent infringement of U.S. Design Patent No. D641,137 (the '641 Patent), a copy of which is attached hereto as **Exhibit A**.

## THE PARTIES

2. Plaintiff Samtech LLC d/b/a Massif ("Massif" or "Plaintiff") is a California limited liability company with a principal place of business in Ashland, Oregon.

3. Upon information and belief, defendant Brooklyn Armed Forces, LLC ("BAF") is a New York limited liability company with a principal place of business in Brooklyn, New York.

4. Upon information and belief, defendant Sportsman's Guide, LLC f/k/a The Sportsman's Guide, Inc. ("Sportsman's Guide") is a Minnesota limited liability company with a principal place of business in St. Paul, Minnesota. Sportsman's Guide purchases merchandise from suppliers located in this judicial district and operates an online business that sells merchandise to customers in this judicial district.

5. BAF and Sportsman's Guide are jointly referred to herein as "Defendants".

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this patent infringement claim under 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1338 (patent infringement).

7. Defendants have committed acts of patent infringement in this judicial district.

8. This Court has personal jurisdiction over Defendants in this action.

9. Venue is proper in this district under 28 U.S.C. § 1400(b) because Defendants have committed acts of patent infringement in this judicial district, and proper under 28 U.S.C. § 1391 because Defendants reside in this judicial district, and a substantial part of the events/omissions giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS

**Massif and the '641 Patent**

10. Massif manufactures and sells high performance apparel, including flame-resistant apparel, to customers that include, but is not limited to, the U.S. military. Massif operates a website at www.massif.com.

11. Massif owns several valuable U.S. patents and other intellectual property. Massif is the assignee and owner of all right, title, and interest in and to the '641 Patent, which the

United States Patent and Trademark Office issued on July 12, 2011. The '641 Patent is a design patent that covers and protects the ornamental design for a military style jacket.

12. Massif products which incorporate the '641 Patent are offered for sale to its customers in the United States, are commercially successful, and are leading products of their kind in the market.

13. Massif has complied with the marking requirements of 35 U.S.C. § 287(a).

**Defendants' Infringement of the '641 Patent**

14. Defendants make, use, sold, sell, and/or offer to sell products variously known as the "Brooklyn Armed Forces Light Weather Crewman Jacket" (the "Light Weather Jacket") and the "Brooklyn Armed Forces Crewman Jacket" (the "Crewman Jacket") (jointly, the "Accused Jackets"). Copies of the product pages from the Sportsman's Guide website for the Light Weather Jacket and the Crewman Jacket are attached hereto as **Exhibit B**.

15. Upon information and belief, Defendants have offered to sell the Accused Jackets to potential customers in this judicial district.

16. Upon information and belief, Defendants have sold the Accused Jackets in this judicial district and have shipped those products from, within, and into this judicial district.

17. Defendants are not licensed to make, use, sell, or offer to sell products incorporating the ornamental design for a military style jacket protected by the '641 Patent.

**Massif's Notice to Defendants**

18. By letter dated November 14, 2022, sent by certified mail and email, counsel for Massif notified BAF that its Light Weather Jacket was infringing the '641 Patent (the "Notice Letter").

19. On November 21, 2022, a response was received from BAF principal John Panousopoulos. In relevant part, he stated that he had "informed SportsmansGuide to immediately take the picture down [on the website] and stop selling any of these particular jackets." Mr. Panouspoulos also stated that BAF was "not planning to manufacture this style again."

20. On January 16, 2023, counsel for Massif sent a follow-up email to BAF because the relevant web page had not been taken down and no further substantive communication had been received from BAF.

21. That same day, Mr. Panousopoulos replied stating, in relevant part, "we stopped selling or manufacturing the said object and told Sportsmansguide to pull it from the website!"

22. Since that exchange, the web page for the Light Weather Jacket has been removed, but Defendants began, or continued, making, using, selling, and offering to sell the Crewman Jacket.

23. Despite receiving multiple notices from Massif that the Accused Jackets infringe the '641 Patent, Defendants continue making, using, selling, and offering to sell the Accused Jackets and, upon information and belief, will continue to do so unless stopped by this Court.

## FIRST CAUSE OF ACTION
### (Patent Infringement)

24. Plaintiff incorporates by reference paragraphs 1 through 23 above, as though fully set forth herein.

25. Defendants' actions averred herein constitute patent infringement in violation of 35 U.S.C. § 271.

26. Defendants have been, and currently are, directly infringing the '641 Patent by making, using, selling and offering to sell the Accused Jackets in violation of 35 U.S.C. § 271(a).

27. Sportsman's Guide also infringes the '641 Patent by actively inducing infringement under 35 U.S.C. § 271(b). Specifically, Sportsman's Guide actively encourages customers to use the Accused Jackets and that customer use directly infringes the '641 Patent. The foregoing constitutes active inducement of patent infringement in violation of 35 U.S.C. § 271(b).

28. Sportsman's Guide has encouraged that infringing customer use even though it knew (at least after being informed by BAF of the Notice Letter on or before November 21, 2022), or reasonably should have known, that Massif has a patent on the ornamental design for a military style jacket.

29. Unless Defendants are enjoined, they will continue to infringe the '641 Patent directly and to induce their customers to infringe that patent.

30. Massif has been irreparably harmed by Defendants' infringement. Unless enjoined, Defendants will continue to irreparably harm Massif. Monetary damages alone cannot compensate for this harm.

31. Defendants' infringement has been willful and deliberate.

32. No later than November 14, 2022, the date it received the Notice Letter, BAF knew or had reason to know that Massif owned the rights to the '641 Patent and that the Accused Jackets infringed that patent.

33. No later than the date when it was informed of the Notice Letter by BAF (November 21, 2022 or earlier), Sportsman's Guide knew or had reason to know that Massif owned the rights to the '641 Patent and that the Accused Jackets infringed that patent.

34. Defendants nonetheless continued offering to sell and selling the Accused Jackets to its customers.

35. Massif is entitled to actual damages, including Defendants' profits realized by its unlawful activity, applicable interest, and the cost and effort involved in making Massif whole, under 35 U.S.C. § 284.

36. In addition, Defendants' deliberate infringement, without any reasonable justification, makes this an exceptional case, entitling Massif to an award of treble damages under 35 U.S.C. § 284 and an award of attorney fees under 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

WHEREFORE, Massif prays for the following relief against Defendants:

A.  A judgment from this Court that U.S. Design Patent No. D641,137 is valid and enforceable.

B.  A judgment from this Court that Defendants have infringed U.S. Design Patent No. D641,137.

C.  Permanent injunctive relief in the form of an order or orders requiring that Defendants and their officers, agents, servants, employees, and attorneys, and all others in active concert or participation with them, be permanently enjoined and restrained from infringing U.S. Design Patent No. D641,137.

D.  Permanent injunctive relief in the form of an order or orders requiring Defendants to turn over to Massif all infringing products in their possession, custody, or control, for destruction or other disposition as determined by Massif; and that Defendants permit an agent of Massif to inspect their premises to ensure compliance with the Court's order.

E.  An award of damages sufficient to compensate Massif for Defendants' past infringement of U.S. Design Patent No. D641,137, together with costs and pre-judgment interest, under 35 U.S.C. § 284.

F.  An award to Massif of treble damages under 35 U.S.C. § 284.

G.  An award to Massif of its reasonable attorney's fees under 35 U.S.C. § 285.

H. An award to Massif of such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        February 13, 2023                    Respectfully submitted,


                                             ⎽⎽/s/ Yoav M. Griver⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽
                                             Yoav M. Griver
                                             ZEICHNER ELLMAN & KRAUSE LLP
                                             1211 Avenue of the Americas
                                             New York, New York 10036
                                             Phone: (212) 223-0400
                                             *Attorneys for plaintiff Samtech LLC d/b/a Massif*