UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SAMTECH LLC d/b/a MASSIF,

        Plaintiff,

  -against-

BROOKLYN ARMED FORCES, LLC,
BROOKLYN A F INC., CALIFORNIA
SURPLUS INC., JOHN PANOUSOPOULOS,
RAMIN KOHANBASH, and SPORTMAN'S
GUIDE, LLC f/k/a THE SPORTSMAN'S
GUIDE, INC.,

        Defendants.
------------------------------------------------------------X

REPORT AND
RECOMMENDATION
23 CV 1185 (NCM)(RML)

LEVY, United States Magistrate Judge:

        By order dated October 23, 2024, the Honorable Natasha C. Merle, United States District Judge, referred plaintiff's motion for default judgment against defendants Brooklyn A F Inc., California Surplus Inc., and Ramin Kohanbash to me for report and recommendation.  For the reasons stated below, I respectfully recommend that plaintiff's motion be denied at this time.

## BACKGROUND AND FACTS

        Plaintiff Samtech LLC d/b/a Massif ("plaintiff"), a California limited liability company with a principal place of business in Oregon, commenced this patent infringement action on February 13, 2023, initially against defendants Brooklyn Armed Forces, LLC and Sportsman's Guide, LLC f/k/a The Sportsman's Guide, Inc.  (Complaint, dated Feb. 13, 2023, Dkt. No. 1.)  Plaintiff manufactures and sells high performance apparel and operates a website at www.massif.com.  (Id. ¶ 10.)  It brought this case to enforce U.S. Design Patent No. D641,137 (the "'641 Patent"), which covers the ornamental design for a military style jacket.  (Id. ¶¶ 1, 11, Ex. A.)

        Plaintiff has amended its complaint three times, most recently in January 2024, when it amended with the consent of defendant Brooklyn Armed Forces, LLC.  (See Third

Amended Complaint, dated Jan. 5, 2024 ("Third Am. Compl."), Dkt. No. 46; Stipulation, filed Jan. 5, 2024, Dkt. No. 45; Order, dated Jan. 13, 2024.)  The Third Amended Complaint seeks relief for patent infringement; false commercial representations under the Lanham Act, 15 U.S.C. § 1125(a); violation of the New York Deceptive Practices Act, N.Y. General Business Law § 349; and violation of the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1, *et seq*.  (Id.)

Defendants Brooklyn A F Inc. ("BAF Inc."), California Surplus Inc. ("California Surplus"), and Ramin Kohanbash ("Kohanbash") were served with the Third Amended Complaint on January 26, 2024, with answers due February 16, 2024.  (See Proofs of Service, dated Jan. 26, 2024 ("Proofs of Service"), Dkt. No. 52.)[1]  On February 20, 2024, *pro se* defendant Kohanbash, who at the time was incarcerated, requested a ninety-day extension of time to respond to the Third Amended Complaint.  (See Letter of Ramin Kohanbash, filed Feb. 20, 2024, Dkt. No. 57.)  The extension request related only to himself and not the corporate entities BAF Inc. and California Surplus, and the request was granted.  (Id.; Order, dated Feb. 28, 2024.)  As a result, Kohanbash's answer was due on or before May 20, 2024.

To date, none of these three defendants has answered or moved with respect to the Third Amended Complaint or requested a further extension of time to do so.  On June 7, 2024,

---

[1] In his opposition to the motion for default judgment, Kohanbash argues that service of the Third Amended Complaint on these three defendants was ineffective.  (See Response to Motion for Default Judgment, dated Nov. 21, 2024, Dkt. No. 81, at 2–3.)  According to the Proofs of Service, Kohanbash, BAF Inc. and California Surplus were all served via personal service on Kohanbash at the federal correctional institution at Fort Dix, New Jersey.  (See Proofs of Service.)  Federal Rule of Civil Procedure 4(e)(2) provides that an individual may be served by delivering a copy of the summons and complaint to the individual personally.  FED. R. CIV. P. 4(e)(2)(A).  Thus, service on Kohanbash was adequate.  Federal Rule 4(h), which governs the rules for service on corporations, states that a corporation may be served by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."  FED. R. CIV. P. 4(h)(1)(B).  Kohanbash was served as an agent of BAF Inc. and California Surplus.  (Proofs of Service.)

Continued . . .

plaintiff requested certificates of default for BAF Inc., California Surplus, and Kohanbash.  (See Request for Certificates of Default, dated June 7, 2024, Dkt. No. 67.)  The Clerk of the Court entered the defaults of BAF Inc., California Surplus, and Kohanbash on September 5, 2024.  (Certificates of Default, dated Sept. 5, 2024, Dkt. No. 74.)  Plaintiff moved for default judgment on October 21, 2024 (Motion for Default Judgment, dated Oct. 21, 2024, Dkt. No. 77), and Judge Merle referred the motion to me on October 23, 2024.  Kohanbash filed an opposition on November 21, 2024 (Response to Motion for Default Judgment, dated Nov. 21, 2024, Dkt. No. 81), and plaintiff replied on November 22, 2024 (Letter of Tatiana Medina Rodriguez, Esq., dated Nov. 22, 2024, Dkt. No. 82).

## Discussion

"A motion for default judgment will not be granted unless the party making the motion adheres to all of the applicable procedural rules."  Century Sur. Co. v. Atweek, Inc., No. 16 CV 335, 2018 WL 10466835, at *1 (E.D.N.Y. Jan. 9, 2018).  Local Civil Rule 7.1 requires all motions to include, *inter alia*, "[a] memorandum of law, setting forth the cases and other authorities relied on in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined."  Loc. Civ. R. 7.1(a)(2).  The omission of a memorandum of law is sufficient to warrant denial of a motion for default judgment.  See Lopez v. Metro & Graham LLC,  No. 22 CV 332, 2022 WL 18809176, at *3 (E.D.N.Y. Dec. 16, 2022), report and recommendation adopted, 2023 WL 2140418 (E.D.N.Y. Feb. 21, 2023) ("The failure to comply with Local Rule 7.1 is enough on its own for a court to deny the motion."); Woo Hee Cho v. Oquendo, No. 16 CV 4811, 2018 WL 9945701, at *1 n.2 (E.D.N.Y. Aug. 25, 2018)

---

According to the uncontroverted allegations in the Third Amended Complaint, "BAF Inc., and California Surplus are alter egos of Kohanbash."  (Third Am. Compl. ¶ 39.)  Accordingly, I find no insufficiency in service on BAF Inc. and California Surplus.

3

(denying a motion for default judgment on grounds that plaintiff violated Local Rule 7.1 by failing to file a memorandum of law); see also LOC. CIV. R. 55.2(a)(2) ("[A]ny party seeking a default judgment must file . . . the papers required by Local Civil Rule 7.1, including a memorandum of law[.]").

Here, plaintiff failed to file a memorandum of law with its motion for default judgment as required by Local Civil Rule 7.1. Although plaintiff submitted an attorney declaration and the declaration of plaintiff's Vice President and General Manager, Christine C. Collins, those declarations do not take the place of a memorandum of law. Lopez, 2022 WL 18809176, at *3 ("Although Plaintiff's counsel submitted an attorney declaration in support of the Motion containing his legal argument, such an affirmation does not take the place of a memorandum of law."); Dejana Indus., Inc. v. Vill. of Manorhaven, No. 12 CV 5140, 2015 WL 1275474, at *3 (E.D.N.Y. Mar. 18, 2015) ("[U]nder Local Civil Rule 7.1, legal argument must be set forth in a memorandum of law, not in an attorney affirmation.").[2]

Local Civil Rule 55.2(a)(3) also requires that all papers submitted in connection with a motion for a default judgment be mailed to the "last known residence of such party (if an individual) or the last known business address of such party (if a person other than an individual)." LOC. CIV. R. 55.2 (a)(3). Plaintiff served all three defendants with its default

---

[2] I also note that in her declaration Ms. Collins calculates her company's damages as $138,900 in lost profits and $138,000 in reputational damages, with no supporting documentation and little explanation as to how she reached those estimates. (Declaration of Christine C. Collins, dated Oct. 20, 2024, Dkt. No. 77-1, ¶¶ 11–12.) Plaintiff also seeks legal fees and costs totaling $310,211.76, but has submitted no contemporaneous attorney time records or other documentation to support that request. (Id. ¶ 12.) These unsubstantiated damages computations are wholly inadequate. See LOC. CIV. R. 55.2(c) ("[T]he party [seeking a default judgment] must file a statement of damages, sworn or affirmed to by one or more people with personal knowledge, in support of the request, showing the proposed damages and the basis for each element of damages, including interest, attorney's fees, and costs.").

4

motion papers at the home address of Kohanbash, 1396 East 21st Street, Brooklyn, New York 11210.  (Certificate of Service, dated Oct. 21, 2024, Dkt. No. 77-9.)  However, according to the Third Amended Complaint, defendants BAF Inc. and California Surplus are New Jersey corporations with principal places of business in Elizabeth, New Jersey.  (Third Am. Compl. ¶¶ 4, 5.)  Thus, 1396 East 21st Street in Brooklyn does not appear to be their last known address.

Finally, the Servicemembers Civil Relief Act ("SCRA") requires a plaintiff seeking default judgment to "file with the court an affidavit stating whether or not the defendant is in military service and showing necessary facts to support the affidavit."  50 U.S.C. § 3931(b)(1)(A); see also LOC. CIV. R. 55(a)(1)(B) ("[A]ny party seeking a default judgment must file . . . an affidavit or declaration showing that . . . the party seeking default judgment has complied with the [SCRA.]"); Windward Bora, LLC v. Ortiz, No. 21 CV 4154, 2022 WL 3648622, at *5 (E.D.N.Y. July 5, 2022), report and recommendation adopted, 2022 WL 3647586 (E.D.N.Y. Aug. 24, 2022) ("failure to comply with [the SCRA] requirement warrants denial of Plaintiff's motion for default.").  "The non-military affidavit must be based not only on an investigation conducted after the commencement of an action or proceeding but also after a default in appearance by the party against whom the default judgment is to be entered."  Apex Maritime Co. v. Furniture, Inc., No. 11 CV 5365, 2012 WL 1901266, at *1 (E.D.N.Y. May 18, 2012) (citations omitted).  "The court lacks the power to excuse compliance with th[is] statute."  Uribe v. Nieves, No. 17 CV 5155, 2018 WL 4861377, at *1 (E.D.N.Y. Sept. 26, 2018) (citation omitted).  To ensure compliance with the SCRA, a plaintiff can "obtain a report certifying active-duty military status through the [SCRA] website."  Morales v. Los Cafetales Rest. Corp., No. 21 CV 1868, 2023 WL 375647, at *5 n.3 (E.D.N.Y. Jan. 3, 2023), report and recommendation adopted, 2023 WL 375642 (E.D.N.Y. Jan. 24, 2023) (citing https://scra.dmdc.osd.mil/scra).

Plaintiff's motion fails to comply with the SCRA, as it does not confirm whether Kohanbash is in active military service.

Due to these procedural deficiencies, I respectfully recommend that plaintiff's motion for default judgment be denied without prejudice. It also bears noting that the issue of claim construction concerning the scope of the '641 Patent is presently before Judge Merle. (See Plaintiff's Opening Claim Construction Brief, dated May 28, 2025, Dkt. No. 116; Memorandum in Support of Proposed Claim Construction by Defendants Brooklyn Armed Forces, LLC and John Panousopoulos, dated June 27, 2025, Dkt. No. 117; Plaintiff's Reply Claim Construction Brief, dated July 7, 2025, Dkt. No. 118.) Any decision on a motion for default judgment would have the potential to conflict with the court's findings and is therefore premature.

## CONCLUSION

For the reasons stated above, I respectfully recommend that plaintiff's motion for default judgment be denied without prejudice. Plaintiff's counsel is directed to serve copies of this Report and Recommendation on all defendants by regular mail, and to file proof of service with the court within ten days of the date of this Report and Recommendation. Any objections to this Report and Recommendation must be filed electronically within fourteen days. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d).

Respectfully submitted,

*Robert M. Levy*
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
      August 13, 2025

6